HARRIET L. READ *et al.*, appellants, *vs.* MATILDA GARDNER, executrix, appellee.

JUNE 10, 1910.

PRESENT: Dubois, C. J., Blodgett, Johnson, Parkhurst, and Sweetland, JJ.

(1) *Probate Law.  Sale of Real Estate to Pay Debts.*

On the same day that a Probate Court allowed the first account of an executrix, it also ordered a sale of the real estate to pay debts:—

*Held,* that the decree ordering the sale was valid; following *Jacocks* v. *Paterson,* 18 R. I. 751.

*Held,* further, that the Superior Court properly proceeded with the trial of the appeal from the decree ordering the sale while an appeal was also pending from the decree allowing the account of the executrix.

(2) *Probate Law.  Evidence.  Sale of Real Estate to Pay Debts.*

On an appeal from decree of a Probate Court ordering a sale of real estate of decedent for the payment of debts, the account of executrix, as allowed by the Probate Court, was properly admitted in evidence for the purpose of showing that the personal estate would be insufficient for the payment of debts, thus requiring the sale of the real estate.

PROBATE APPEAL.  Heard on exceptions of appellant, and overruled.

BLODGETT, J.  In this appeal from a decree of the Municipal Court of the city of Providence, entered July 23, 1909, ordering a sale of real estate to pay debts, a verdict was directed by the Superior Court in favor of the appellee, and the cause is now before this court on the appellants' exceptions thereto.

It appears by the record that on the same day said Municipal Court allowed the first account of the executrix, and that the appellants have appealed both from the decree ordering the sale and from the decree allowing said account.  And it is contended here that a sale of real estate of a decedent should not be ordered to pay debts before the account of the executrix is settled, and that the trial of the appeal from the order of sale should have been delayed to await the determination of the appeal on the settlement of the account.

Questions similar to the questions involved in the case at bar have heretofore been considered by this court.

In *Mowry* v. *Robinson*, 12 R. I. 152, Potter, J., said (p. 154): "The objections made by the appellant are: 1. That the petition for sale is not sworn to, and is not accompanied by a schedule of debts. It is not necessary that the petition should be sworn to if the Court of Probate is otherwise satisfied of the facts. Nor is a schedule of debts necessary in the petition; but the Court of Probate should be satisfied as to the amount necessary to be raised, and if it is not necessary to sell the whole estate, the decree ought to specify how much the petitioner is authorized to raise by sale. . . . The petition does not state the amount of the debts, but asks to have the whole estate sold."

In *Wood* v. *Hammond*, 16 R. I. 98, it was said by Durfee, C. J. (pp. 107–8): "The petitioners allege that the decree of the Court of Probate was made before the complainants had exhausted the personal estate, and they question the jurisdiction of the court on that account. Our statute, Pub. Stat. R. I., cap. 185, § 17, provides that whenever the personal estate 'shall not be sufficient to pay the debts which the deceased owed, the expenses of his funeral and of supporting his family and settling his estate in the manner prescribed by law,' the court of probate shall authorize the executor or administrator to sell so much of the real estate as shall be necessary to make up the deficiency. Another provision, cap. 179, § 13, empowers the court to authorize the sale of an entire estate, instead of so much simply as will be needed to make up the deficiency, when such a sale will be more advantageous to all concerned, the surplus beyond what is required to make up the deficiency to go as the estate would have gone if not sold. These provisions do not require that the personal estate shall be first exhausted, but only that it shall be insufficient. A prior exhaustion may be necessary in some cases to prove the insufficiency, but surely not in all; and there may be cases where, the insufficiency being manifest, it would be bad management to wait for such an exhaustion, since there may be delays

which cannot be avoided in getting in the personal assets and converting them into money."  . . .

In *Jacocks* v. *Paterson*, 18 R. I. 751, it appeared, as in the case at bar, that on the same day that the municipal court allowed the administration account showing a balance in the hands of the administrator, the same court entered its decree authorizing the administrator to sell real estate for the payment of the debts of the deceased.

This court said, p. 752: "It is urged, however, on the part of the respondent, that the Municipal Court had no power to decree the sale, because on May 16, 1848, the account of the administrator allowed on that date showed a balance in his hands. . . . We do not deem the objections sufficient to invalidate the sale. It by no means follows that because the account allowed showed a balance in the hands of the administrator that the sale of the land subsequently decreed was not necessary for the payment of the debts of the deceased. The Municipal Court had jurisdiction to hear and examine the petition of the administrator and to grant it under such restrictions and conditions as were imposed by law, or as should be imposed by itself. Pub. Laws, R. I. (1844), 225, 226, 229, 239. Having jurisdiction, it is to be presumed that the court satisfied itself by evidence of the necessity for the sale and made its decree accordingly."

(1) These cases determine the case at bar. We see no error in the action of the Superior Court in proceeding with the trial of this appeal while the other appeal was pending; nor do we see error in the admission in evidence of the account of the executrix as allowed by said municipal court, certainly for the purpose of showing what personalty had come to her hands and what payments therefrom she had made, and which were not questioned. It was part of the case of the executrix to show these things and thus enable the Superior Court to be (2) convinced that other claims, not therein included, would render the personal estate insufficient to pay them and thus justify and require the sale of real estate.

Upon the evidence presented we find no error in the direction of a verdict by the Superior Court in behalf of the executrix, and the exceptions of the appellants, accordingly, are overruled, and the case is remitted to the Superior Court with direction to enter its decree upon the verdict.

*Thomas A. Carroll, Vincent, Boss & Barnefield,* for appellants.
*James Harris, Irving Champlin,* for appellee.